## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

STEVEN ROBINSON,

#155194,                                    )
                                            )
     Petitioner,                            )
                                            )
v.                                          )            Civil Action No. 15-00199-WS-N
                                            )
DEWAYNE ESTES,                              )
                                            )
     Respondent.                            )

## REPORT AND RECOMMENDATION

Pending before this Court are Petitioner Steven Robinson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 12) and Respondent Dewayne Estes' Answer (Doc. 17). This matter is now ripe for the Court's consideration and has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases, and Local Rule 72.2(c)(4). For the reasons explained herein, it is recommended that Robinson's Petition (Doc. 12) be **DENIED** and that this action be **DISMISSED**. The undersigned further **RECOMMENDS** that Robinson be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## I. PROCEDURAL BACKGROUND

On May 2, 2000, Petitioner was convicted in Mobile County Circuit Court of two counts of First Degree Robbery. (Docs. 12 at 2; 17-1 at 3). He was sentenced as

a habitual felony offender to life imprisonment without parole.  (Doc. 17-1 at 5).
Robinson appealed his conviction to the Alabama Court of Criminal Appeals
asserting he was denied a fair trial because (1) his two cases were consolidated, (2)
a motion in limine was violated, and (3) the State did not prove the weapons used
were "deadly weapons".  (Doc. 17-3, generally).  The Alabama Court of Criminal
Appeals affirmed the Robinson's conviction in a memorandum opinion on February
23, 2001, and a Certificate of Judgment was entered on May 25, 2001. (Docs. 17-3,
17-4).

On August 19, 2002, Robinson filed a Rule 32 Petition in state court that was
dismissed as time-barred on October 8, 2002.  (Doc. 17-5 at 2).  The Alabama Court
of Criminal Appeals affirmed the state court's dismissal on March 7, 2003, and
entered a Certificate of Judgment on March 26, 2003.  (Docs. 17-5, 17-6).

On April 6, 2005, Robinson filed a Motion to Reconsider his sentence which
was later dismissed for failure to prosecute.  (Docs. 17-1 at 6; 17-7).  A Certificate of
Judgment was entered on August 30, 2005.  (*Id*.)  In 2006, Robinson filed another
Rule 32 Petition in the Circuit Court of Mobile, Alabama.  The state court denied
the motion and although an appeal was filed, it was later dismissed for failure to
prosecute.  (Doc. 17-8).  A Certificate of Judgment was entered on August 30, 2006.
(*Id*.)

Robinson filed a Motion to Reduce Sentence in 2008 that was denied. (Doc.
17-9).  The Alabama Court of Criminal Appeals affirmed the denial on October 24,
2008, and entered a Certificate of Judgment on December 8, 2008.  (Docs. 17-10, 17-

11). In 2014, Robinson filed another Motion to Reconsider based on repeal of Section 13A-5-9.1 of the Code of Alabama. (Doc. 17-12). The motion was dismissed by the state court and on January 26, 2015, the Alabama Court of Criminal Appeals dismissed Robinson's appeal because the repeal of the code section prevented the trial court from obtaining jurisdiction of the motion to reconsider because the motion was filed more than thirty days after Robinson's sentence was imposed. (*Id.*)

On March 13, 2015, Robinson initially filed his habeas petition (Doc. 1) which has been superseded by the instant petition (Doc. 12). Petitioner fails to specify the grounds on which he asserts habeas relief is due.[1] However, in response to Paragraph 19, Petitioner states his claim is not time-barred because "an illegal sentence may be challenged at any time" and points to the enhancement of his sentence as a habitual felony offender in support of his allegedly illegal sentence. (Doc. 12 at 12).[2]

Respondent argues that the statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d),

---

[1] Robinson's original habeas petition, which has been superseded, identified four grounds for the requested relief: (1) "the conviction was obtained by a violation of the protection against double jeopardy…" (2) "the court was without jurisdiction to render the judgment or to impose this sentence…" (3) "the circuit court was without jurisdiction to render the judgment or to impose the sentence…" and (4) " conviction violate due process 5th, 6th, and 14th Amendments guarantees of Alabama Constitution of (1901) United States Const.,". (Doc. 1 at 6-11).

[2] Robinson's original petition articulated that he "is entitled to equitable tolling, as the petitioner will show that, (1) that said petitioner has been pursuing his rights diligently to get his case overturn because he have life without parole, herein, (LWOP), (2) some extraordinary circumstances stood in petitioner way and detain timely filing…" (Doc. 1 at 15). Robinson offered no factual support for these claims.

expired for Robinson as early as 2002.  (Doc. 17 at 3).    The respondent also contends that Robinson has failed to articulate any claim warranting equitable tolling of the applicable one-year statute of limitations and that his claims are procedurally defaulted.  Robinson was ordered to show cause as to why his petition should not be dismissed as time barred by not later than November 30, 2016.  (Doc. 18).  To date, the order was not returned as undeliverable and Robinson has not filed any response.

## II.  DISCUSSION

Through his § 2254 petition, Petitioner alleges that his conviction should be vacated or his sentence reduced.  (Doc. 12).  The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition.  28 U.S.C. § 2244(d)(1)(A).  The statute specifically provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

4

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Since this case does not involve an impediment to filing an application, a new constitutional right, or recently discovered facts, the latest date of the four iterated for the running of the limitation period is that on which the judgment against petitioner became final. *See* 28 U.S.C. § 2244(d)(1)(A).

The running of the limitation period is tolled by statute while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Thus, Petitioner's limitations period was tolled beginning when he filed his first appeal and remained tolled until the Certificate of Judgment was entered by the Alabama Court of Criminal Appeals on May 25, 2001. (Doc. 17-4).  Robinson did not file any post conviction motion which could have ostensibly tolled the running of the statute of limitations to file a habeas petition between May 25, 2001, the date of issuance of a Certificate of Judgment by the Alabama Court of Criminal Appeals affirming Robinson's conviction, and August 19, 2002, an interval of over 365 days, more than the allowed one year time period.  The fact that Petitioner filed a post conviction petition on August 19, 2002, and on numerous occasions thereafter, is of no consequence because the AEDPA's limitations period had already expired.  *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000), cert. denied 531 U.S. 991,

5

121 S.Ct. 481, 148 L.Ed. 2d 454 (2000) ("A state court petition [ ] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." ).  Petitioner did not file this action until March 13, 2015, long after the limitations period imposed by 28 U.S.C. § 2244(d)(1) had run.

> However, the Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269[, 1271 (11th Cir. 1999)].  Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  The Eleventh Circuit has also held:

> [M]ere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11thCir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11thCir. 2000); *Sandvik v. United States*, 177 F.3d 269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. See Helton, 259 F.3d at 1313.

*Powe v. Culliver*, 205 Fed.Appx. 729, 732 (11th Cir. Sept. 19, 2006).  As a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Secretary of Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080 (2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

6

Furthermore, recent decisions have established that there is an "actual innocence" exception to the AEDPA statute of Limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). The Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id* at. 1928. (quoting *Schlup v. Delo*, 513 U.S. 298, at 329 (1995). *See also Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) ("*McQuiggin* hold[s] 'that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' *Id*. at 1931, 1933 (alteration and quotation marks omitted)."

Because Section 2244 is not a jurisdictional bar and because of the actual innocence exception, discussed above, this Court entered an order on October 19, 2016, ordering Petitioner to show cause why his petition should not be dismissed as time barred by not later than November 30, 2016. (Doc. 18). Petitioner, however, failed to file a response. Moreover, even considering the assertions set forth in Robinson's original petition[3], which was superseded, this Court finds that Robinson has not established extraordinary circumstances to support equitable tolling or submitted evidence that he is actually innocent.

As a result, the undersigned finds that Petitioner is not entitled to statutory

---

[3] See FN 2.

tolling of the limitations period to make his claim timely. He is also not entitled to equitable tolling, since he has not established any "extraordinary circumstance" which preventing him from seeking § 2254 relief.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Thus, the claims and petition brought by Petitioner are barred by the AEDPA statute of limitations.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.   28 U.S.C. § 2253(c)(1).   A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV.  CONCLUSION

Robinson's habeas corpus petition was filed beyond the one-year AEDPA limitations period in violation of 28 U.S.C. § 2244(d).  Further, Petitioner has not established any "extraordinary circumstance" which prevented him from seeking § 2254 relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). As a result, the claims and petition brought by

Petitioner are barred by the AEDPA statute of limitations. Therefore, it is recommended that Robinson's Petition (Doc. 12) be **DENIED** and that this action be **DISMISSED**. The undersigned further **RECOMMENDS** that Robinson be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## V. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of January 2017.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**